Seward, J. (orally).
This petition is filed to secure an injunction restraining the recorder from recording the proceedings for the incorporation of the village of Kirkersville. A motion is made to the petition to strike out and make more definite and certain. The court, on examining this matter, finds the statute in a peculiar condition.
The petition alleges that at the time the signatures were procured the petitioners did not accompany the petition with an accurate map of the territory sought to be incorporated, or in any other manner notify the signers, of the territory to be included, nor did it contain the matters required by Section 1555. There is a motion filed to strike that clause from the petition because it is immaterial and irrelevant.
Section 1555 (now Section 1536-8) provides what the petition shall contain when presented to the county commissioners, and that is made applicable to a petition to be presented to the township trustees by a subsequent section of the statute. It says:
“The petition shall contain the matters following: 1, an accurate description of the territory embraced within the proposed corporation, and it may contain adjacent territory not laid off into lots; 2, the supposed number of the inhabitants residing in the proposed corporation; 3, whether the corporation desired is a village or hamlet; 4, thé name proposed; and 5, the name of some person to act as agent for the petitioners, and more than one agent may be named therein.”
“An accurate description of the territory embraced within the proposed corporation.” This is not contained in the petition. The petition is in proper form except where it comes to a description of the territory to be included within the corporate limits. I believe it'says: “See back.”
The petition reads, in part, as follows:
‘ ‘ To the trustees of the township of Harrison, state of Ohio:
“The undersigned, being forty-six electors, twenty-two of whom are freeholders, and all of whom reside in the following described territory, situated within the county of Licking, state of Ohio, to-wit: “See other side for description.”
*456 Now, it is claimed by the petitioners, who seek this injunction against the recording of the proceedings, that they were misled; that a fraud was perpetrated upon them; "that the description was changed; that no description was contained in the petition; that a plat was presented and was afterwards changed, giving a different territory. As the court construes this section of the statute—and there is a reason for.it, too—this description should be contained in the petition. But it was left just in that shape.
It is hinted to the court that this description was not on the back of the petition when it was presented and when they signed it. I think the word “contain” means something in this section of the statute. It means that it shall be contained in the petition.
The statute further provides that the petition shall further set out:
“The Supposed number of inhabitants residing in the proposed corporation; 3, whether the corporation desired is a village or hamlet.” These are matters that must be contained in the petition. “4, the name proposed; and 5, the name of some person to act as agent for the petitioners.” It seems to be full and complete, except that the description is not contained in the petition.
This petition for an injunction shows that the petitioners rely upon the question .of. fraud, claimed to have been prepetrated upon them in procuring their names to be signed to the petition. A motion is made to each paragraph to make it more definite and certain, and to strike out certain matters that are contained therein.
The court construes the petition as a whole, from end to end, and if there was any fraud .prepetrated upon the petitioners in the signing of the petition, it cuts some figure in the matter now under investigation, and any allegation of fact tending to show or establish fraud would be relevant. The petition alleges:
'“That after the application was shown to various inhabitants of the vicinity of the territory,' and after said inhabitants had signed the same, the agent of the petitioners altered and changed the same by adding a map of the territory sought to be included. *457 That said alteration was not in the description so -as to make the same more accurate and perfect, but it was a material alteration or change by cutting off a portion of the territory represented to the signers to be included therein. That said map after-wards made was added to the petition and filed with the trustees. That each and all of the petitioners were not consulted as to such change of boundaries; that such a change was made in fraud—now it comes to the charge of fraud—of their rights. That the charge so reduced the valuation that without its addition many signers would not have signed the same. ' That by reason thereof, their signatures were secured thereto by fraud and misrepresentation and the same vitiated the application.”
There is a motion to make this paragraph of the petition more definite and certain by stating how many of the signers were not consulted as to the change of boundaries, and by stating how many would not have signed it without the addition, and how many signed the same by misrepresentation and fraud.
If fraud were perpretrated in procuring the signatures, it would vitiate the entire proceedings. It is contended that a map did not accompany the petition when presented to the petitioners for their signatures. The court does not think it is necessary that a map should accompany the petition when procuring signatures. But the court thinks it is necessary that a map should -accompany the petition when it is filed with the trustees. When presented to the trustees, it must contain a plat. The plat can be made after the petition is signed and ready for presentation; but that allegation, though not material, is not prejudicial.
Now, in regard to the change, or -alteration: Section 1557 (1536-10) provides how and in what manner they shall be made, and reads as follows:
“The hearing shall be public, and may be adjourned from time to time, -and from place to place, according to the discretion of the commissioners, -and any person interested may appear, in person or by attorney, and contest the granting of the prayer of ■the petition, and any. affidavits presented in support of or against the prayer of the petition shall be considered by the petitioners, and the petition may be amended by their leave.
“But if any amendment is permitted, whereby territory not before embraced is -added, the commissioners shall appoint an *458 other ¡time for the hearing, of which notice shall be given, as specified in the last preceding section. ’ ’
Another complaint is that the clerk of the township did not act as clerk of this election; and a motion is interposed to strike this out. The statute requires that he shall act. The trustees appointed a Mr. White who acted .as clerk. The statute provides that if the clerk does not appear the morning of the election, that a clerk shall be chosen by those present, viva voce. The record does not show that that was done here. .It-shows that a clerk was appointed by the trustees, but the statute says that the clerk shall be elected by those present.
Section 1561e (1536-17) : “The township trustees shall be judges of the election, and the township clerk shall be clerk thereof.”
If the township clerk was not present, as it was his duty to be, then they should elect a clerk for the occasion from the qualified electors. This branch of the motion is not well taken.
It is claimed by the movers in this case that this is a proceeding in error .and that the court has no right to review the proceedings before the commissioners; that their action is a finality, and these statutes strike the court as peculiar in this regard.
■Section 1561<? (1536-17) provides:
“But no injunction shall be brought, as provided in Section 1562 of the Revised Statutes of Ohio, unless the same be instituted within ten days from the filing of the papers with the county recorder; provided, however, that the right of petition to the court of common pleas for error, shall exist as is provided for in the following sections of this chapter.”
The next section provides for an injunction, as follows:
“Any person interested may, within sixty days”—the other is ten days—“from the filing of the papers with the recorder, as above provided, make application by petition to the court of common pleas, or, if during vacation, to a judge thereof, setting forth the errors complained of”—and what else?—“or the inaccuracy of the boundaries, or that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just, or equitable that the prayer of the petition presented to the board of commissioners be granted, or containing any or *459 all of such averments, and praying an injunction restraining the recorder from making the record and certifying the transcript, as above provided. ’ ’
This section seems to provide for review on error and that the judgment of the court shall be invoked as to certain other features upon the merits.
So, there is a provision for an injunction which goes to the merits of the matter before the township trustees, as well as to errors that might have been committed there; and it gives the court the power to determine the merits of the controversy as far as the matters of the boundary and certain other matters mentioned are concerned, such as the inaccuracy of boundaries; or if the limits of the corporation are unreasonably large or small. This court has the right, it seems, under this section, to determine those matters, although they might have been fully determined by the township trustees. They are here for review on those questions through the injunction proceedings and should not be stricken out.
Section 1564 (1536-20) provides what the court shall do when it passes upon the question raised by the injunction proceedings, and indicates that the court is required to pass upon those questions:
“And.upon such hearing, the court or judge may hear evidence upon the matters and things averred in the petition; and if, upon such hearing, no error is found in the proceedings before the commissioners, and no inaccuracy in the boundaries, and if the court shall further find that the limits of the proposed corporation are not unreasonably large or small, and that it is right, just and equitable that the prayer of the petition presented to the commissioners be granted, the petition for such injunction shall be dismissed.”
And it goes on further:
“And thereupon the clerk shall return the papers to the recorder, with a certified transcript of the order of the court, and the recorder shall immediately record the transcript certified by the commissioners, the petition for the corporation, the map, and the order of the court, and make forward and deliver transcripts as above provided; but if error is found in the proceed *460 ings”—that is one thing—“or of the boundaries are found to be so inaccurately described as to render indefinite or uncertain limits or extent of the proposed corporation, or if the court shall find that the limits of the proposed corporation are unreasonably large or small”—“or that it is not right, just, or equitable,” etc. —those matters are all passed upon by the trustees', but still the statute requires the court here to pass upon them.
So that all these things that are mentioned in this petition, except the matter upon which fraud might be predicated, are proper allegations under the statute, and the court is required to pass upon them; and, as the court construes this, the trustees have not final jurisdiction upon those particular features of the case. The court wishes they had.
There is a motion to strike out the following paragraph:
“That immediately upon the discovery of the change, many of the signers prepared a .protest against the proceedings and now protest against the same.”
It says that as soon as they discovered the change* they prepared a protest. I do not think that ought to be stricken out. They might be estopped if they did not act promptly. I think that is a proper allegation.
“That the limits of the proposed corporation are unreasonably small. That the valuation for taxation will not produce sufficient revenue with which to pay the expense of the government,” etc.
Section 1562 provides that if the territory is unreasonably large, or unreasonably small, the court has control of it, although the trustees may have passed upon that feature of it.
“That by withdrawing the names of the signers, which were procured by fraud, there is not remaining a majority of said signers who are freeholders and electors of the territory. ’ ’
It is asked to strike that out. But, without going further into this matter, the court thinks this motion is not well taken in any of its branches, and it may be overruled, and exceptions.